**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **CODY C. DANTIN, NO. 515835** | * | **CIVIL ACTION** |
| | * | |
| **VS.** | * | **NO. 25-0580-SMH-KDM** |
| | * | |
| **MICHELE DAUZAT, ET AL** | * | **JUDGE HICKS** |
| | * | |
| | * | **MAG. JUDGE MCCLUSKY** |

***********************************

**RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

**MAY IT PLEASE THE COURT:**

On June 6, 2025, this Honorable Court issued an Order to Show Cause why plaintiff's motion to be housed on a CCR ("closed cell restriction") tier should not be granted.[1] For the reasons given in Warden Michele Dauzat's sworn declaration—summarized below—it is not necessary for the Court to intervene with regard to plaintiff's housing assignment.[2]

As stated by Warden Dauzat in the attached declaration, Cody Dantin, D.O.C. #515835, was transferred to David Wade Correctional Center ("DWCC") on February 10, 2025, where he was immediately placed in a single-man cell on a cell block tier. Dantin has remained in a single-man cell—segregated from other prisoners—since his arrival at DWCC.

Upon arrival at DWCC, Dantin signed the prison's standard enemy concern form stating he had no known enemies at DWCC.

[1] The Honorable Kayla Dye McClusky ordered that defendants provided a response within 14 days. The undersigned only received notice of the Court's Order on July 2, 2025, by email from the Louisiana Attorney General. Counsel cannot provide any explanation as to why prison mail room personnel failed to notify the DOC Office of Legal Affairs in Baton Rouge of the Court's Order. The defendants profusely apologize for the lapse.
[2] Attached is the declaration of Michele Dauzat, head warden of David Wade Correctional Center.

As dictated by policy and best practices, DWCC personnel regularly follow up with prisoners in restrictive housing (i.e., the cell block) to ensure these individuals are adjusting appropriately. While Warden Dauzat was making routine tier rounds on June 25, 2025, Dantin verbally communicated to her a request to be screened for housing on a closed cell restriction ("CCR") tier, a more restrictive custody level of single-man cells located on a different cell block tier. Dantin told Warden Dauzat that he was unable to live in general population because of enemy concerns. Warden Dauzat subsequently instructed Dantin to submit his request and supporting details in writing rather than continue the discussion on the cell block tier within earshot of fellow prisoners.

On June 20, 2025, Warden Dauzat received Dantin's written request for CCR placement, and he was immediately placed on the next available CCR review board which is set for July 7, 2025. As stated by Warden Dauzat, Dantin will be moved from his current single-man cell to different single-man cell on a CCR tier in the review board finds such housing placement to be appropriate.[3]

Warden Dauzat also notes that she is unaware of *any substantial risk of harm* to Dantin based upon his current housing assignment in a single-man cell.

In summary, defendants represent to the Court that judicial intervention with regard to plaintiff's housing assignment is unnecessary. Dantin will be screened according to established protocols in four (4) days, and if the CCR review board deems appropriate, he will moved to a cell on a CCR tier.

[3] Counsel can represent to the Court the level of protection or security on a CCR tier versus plaintiff's current single-man cell does not appreciably differ from one another.

**WHEREFORE,** defendants pray that the Court deem this response sufficient, and that plaintiff's motion be denied.

Respectfully submitted,

*/s/ Jonathan R. Vining*
**JONATHAN R. VINING (#30781)**
Executive Counsel
Department of Public Safety & Corrections
P.O. Box 94304, Capitol Station
Baton Rouge, La. 70804-9304
Telephone: (225) 342-6728
Facsimile: (225) 342-3278
Email: jonathan.vining@la.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 3, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a copy of the foregoing was served by U.S. Mail on the *pro se* plaintiff at his most current address of record.

*/s/ Jonathan R. Vining*
Jonathan R. Vining