UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CODY C. DANTIN**<br>**Plaintiff** | **CIVIL DOCKET NO. 5:25-cv-00580** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **MICHELE DAUZAT, ET AL**<br>**Defendants** | **MAGISTRATE JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM IN SUPPORT**

## I. Background

Plaintiff Cody Dantin is a state inmate who filed this § 1983 action alleging that Captain Davis and Major Gillentine used excessive force against him on March 24, 2025, at David Wade Correctional Center. According to Plaintiff's own pleadings and attachments, the incident occurred after Plaintiff tied his cell door shut with a bedsheet and refused multiple direct orders to remove it and submit to restraints. Plaintiff acknowledges that Major Gillentine ordered him to untie the sheet and that he did not comply. He further acknowledges that a chemical agent was deployed after this refusal, and that the stated reason for the deployment was his continued noncompliance and the obstruction of his cell door, as documented in the disciplinary report attached to the Amended Complaint (Doc. 32-1).

Plaintiff alleges that the use of force was excessive because he subjectively feared for his safety and because he believes prison officials should have moved him rather than ordered compliance. He further alleges, in conclusory fashion, that Captain Davis and Major Gillentine acted out of anger. These allegations are not supported by specific facts and are contradicted by Plaintiff's own exhibits, which establish a clear penological

justification for the use of force: restoring order and removing an obstruction that posed a security risk.

## II. Legal Standard

To survive dismissal, a prisoner asserting an Eighth Amendment excessive force claim must plead facts showing that force was applied "maliciously and sadistically to cause harm," not "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986). The inquiry is contextual and turns on the need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by officials, and efforts to temper the response. *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999).

Even when injury is alleged, the Constitution does not prohibit every use of force by prison staff. Chemical agents, in particular, may be constitutionally deployed to compel compliance with lawful orders or to restore discipline. *Kitt v. Bailey*, 676 F. App'x 350, 351 (5th Cir. 2017); *Woolverton v. Gratz*, 793 F. App'x 341, 342 (5th Cir. 2020).

## III. Plaintiff Fails to State a Plausible Excessive Force Claim

Plaintiff's own allegations establish that force was used only after he deliberately tied his cell door shut and refused direct orders to comply. The Fifth Circuit has repeatedly held that refusing orders, even passive resistance, justifies the limited use of force to restore order. *See Baldwin v. Stalder*, 137 F.3d 836 (5th Cir. 1998).

Plaintiff does not allege that he was compliant when force was used. To the contrary, he concedes that he remained noncompliant and that officers were unable to access his cell due to the obstruction he created. Under these circumstances, the deployment of a chemical agent to gain compliance falls squarely within the range of force the Fifth Circuit has deemed constitutionally permissible. *Kitt*, 676 F. App'x at 351.

Plaintiff's conclusory assertion that Defendants acted "out of anger" is insufficient to transform a legitimate security response into a constitutional violation. Courts are not required to accept speculative intent allegations divorced from factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where, as here, the pleadings show a clear penological justification for force, subjective labels cannot salvage the claim.

**IV. Defendants Are Entitled to Qualified Immunity**

Even if Plaintiff had stated a plausible constitutional violation—which he has not—Captain Davis and Major Gillentine are entitled to qualified immunity. Qualified immunity protects officials unless the unlawfulness of their conduct was "clearly established" at the time. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

No Fifth Circuit or Supreme Court precedent clearly establishes that deploying a chemical agent against an inmate who has tied his cell door shut and refused orders violates the Eighth Amendment. To the contrary, existing precedent supports the opposite conclusion. *Woolverton*, 793 F. App'x at 342; Kitt, 676 F. App'x at 351. Because reasonable officers could, and would, believe their conduct was lawful, qualified immunity bars Plaintiff's claims.

**V. Improper and Immaterial Allegations Should Be Stricken**

In the alternative, Defendants respectfully request that the Court strike immaterial and prejudicial allegations from the Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff includes narrative assertions regarding Defendants' alleged motives, generalized claims of retaliation, and conclusory accusations of misconduct that are unsupported by factual

allegations and unrelated to the elements of an Eighth Amendment excessive force claim. Such allegations serve no legitimate pleading purpose and risk confusing the issues before the Court. Striking these allegations will narrow the case to the dispositive legal issues and promote the just and efficient resolution of this matter.

**VI. Conclusion**

Plaintiff's allegations describe a routine prison security response to deliberate noncompliance, not the wanton infliction of pain prohibited by the Eighth Amendment. His Amended Complaint relies on conclusory assertions of malice that are contradicted by his own exhibits and foreclosed by binding Fifth Circuit authority. Captain Davis and Major Gillentine are therefore entitled to dismissal with prejudice.

Respectfully Submitted By:


**LIZ MURRILL**
Attorney General
State of Louisiana

By */s/ Holly H. Dorward*
HOLLY H. DORWARD (LSBA #40345)
Assistant Attorney General

**Louisiana Department of Justice**
Litigation Division
330 Marshall Street, Suite 777
Shreveport, Louisiana 71101
Telephone: (318) 676-5706
Facsimile: (318) 676-5703
E-mail: dorwardh@ag.louisiana.gov

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2025, a copy of the foregoing *Memorandum in Support of Motion to Dismiss* was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that I have mailed by certified United States Postal Service, return receipt requested, this filing to the following non-CM/ECF participant:

Cody C. Dantin
#515835
David Wade Correctional Center
670 Bell Hill Rd.
Homer, LA 71040

/s/ *Holly H. Dorward*
HOLLY H. DORWARD
Assistant Attorney General