#### UNITED STATES DISTRICT COURT
#### WESTERN DISTRICT OF LOUISIANA
#### SHREVEPORT DIVISION

| | |
|---|---|
| CODY C. DANTIN | CIVIL ACTION NO. 5:25-0580 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHELE DAUZET, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

#### MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 50) filed *pro se* by Plaintiff Cody Dantin ("Dantin"). In response to this Motion, the Court issued an Order to Show Cause requiring Warden Michele Dauzat ("Dauzat") to prove that further judicial intervention was unnecessary. See Record Document 51. Dauzat responded. See Record Document 57. For the reasons explained below, the Motion (Record Document 50) is **DENIED**, and Dauzat is **DISMISSED** from the litigation.

#### FACTUAL BACKGROUND

On April 21, 2025, Plaintiff Cody Dantin ("Dantin"), an inmate at David Wade Correctional Center ("DWCC"), filed this civil action alleging that his life was in danger because he had provided information to law enforcement about another inmate. See Record Document 1. He asserted that unnamed fellow inmates intended to kill him and requested injunctive relief requiring his placement in Closed Cell Restriction ("CCR"). See id.

After the filing of the Complaint, Warden Michele Dauzat ("Dauzat") moved Dantin to CCR as a precautionary measure. See Record Document 57 at 1. Because the relief requested in the Complaint had been granted, the matter became moot at that time.

Dantin was later reassigned out of CCR following routine classification reviews. See id. at 2–3. Thereafter, he renewed his claims that his life was in danger, prompting the Court to issue an Order to Show Cause directing Dauzat to explain why further judicial intervention was not necessary. See Record Document 51. Dauzat responded and submitted a sworn declaration along with records detailing Dantin's housing history, classification reviews, and investigative efforts. See Record Document 64.

## LAW AND ANALYSIS

Article III of the Constitution limits federal courts to the adjudication of actual, ongoing cases or controversies. See Murphy v. Hunt, 455 U.S. 478, 481–82 (1982). When intervening events eliminate the plaintiff's personal stake in the outcome, the action becomes moot and must be dismissed for lack of subject-matter jurisdiction. Because Dantin has been placed back in CCR as of November 26, 2025, his claim for injunctive relief is moot. There is, however, an exception to the mootness doctrine. When a claim is "capable of repetition, yet evading review" the court maintains jurisdiction. Murphy, 455 U.S. at 482. Because the circumstance of Dantin returning to a different housing tier upon conclusion of this case is possible, the Court must consider whether Dauzat has met her burden of proof in showing that there is no need for further judicial intervention.

The record establishes that Dauzat has carried her burden of demonstrating that Dantin is not presently in danger. The evidence demonstrates that DWCC has used due diligence in investigating Dantin's complaints and has not identified any threats to his safety. See Record Documents 57 & 64. The record reflects that DWCC has taken measures to ensure Dantin's safety, including housing him alone and conducting

repeated reviews. See Record Documents 57 & 64. Nothing in the record suggests deliberate indifference or a present risk of serious harm.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Dantin's Motion (Record Document 50) is **DENIED**.

**IT IS FURTHER ORDERED** that Dauzat is **DISMISSED** from this litigation.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this this 6th day of January, 2025.

                                                                  S. MAURICE HICKS, JR.
                                                                  UNITED STATES DISTRICT JUDGE