DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
STATE OF LOUISIANA
DAVID WADE CORRECTIONAL CENTER

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

# AFFIDAVIT

STATE OF LOUISIANA
PARISH CLAIBORNE

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**NIKKI MCCOY,** who, being by me duly sworn, did dispose and state:

- That she is employed by the Louisiana Department of Public Safety as Executive Management Officer at David Wade Correctional Center in Homer, Louisiana.
- That the attached are true copies of **LA DPS&C Department Regulation OP-C-13 Attachment A** dated **February 20, 2024.**
- David Wade Correctional Center (DWCC) adheres to the procedures in accordance with OP-C-13 Attachment A when handling and processing Administrative Remedy Procedures (ARP's).
- The process for handling and processing ARP's is as follows:
    - The inmate provides written communication of his complaint:
        - Utilizing Form OP-C-13-ARP-1 or;
        - Written communication which must contain the phrase "This is a request for administrative remedy" or "ARP".
        - The inmate then sends the complaint to the ARP screening officer via DWCC Farm Mail.

**Exhibit A**

- The ARP screening officer reviews the ARP and provides notice to the inmate that his request is either:
  - "Accepted" and being processed or;
  - "Rejected" and will not be processed until the noted deficiency is corrected based on procedure in OP-C-13 Attachment A.
- If the ARP is "Accepted":
  - The ARP is assigned to the appropriate staff member to conduct further fact-finding and/or information gathering prior to rendering their response.
  - The inmate is provided a copy of the First Step Response using the ARP manila envelope.
- If the ARP is "Rejected":
  - The ARP screening officer informs him the ARP has been "Rejected" and the reason for rejection.
- If an inmate submits multiple requests during the review of a previous request, the request will be backlogged for handling at such time as the request currently in the system has exhausted procedures or until time limits to proceed from the First Step to the Second Step have lapsed.
- Withdrawing a Formal Grievance:
  - After filing an ARP, the inmate may request in writing to cancel the ARP request at any time and for any reason.
  - A withdrawn request cannot constitute a properly exhausted administrative remedy.

- If the inmate is not satisfied with the First Step Response, he may appeal to the Secretary of the Department of Public Safety and Corrections (DPS&C) by:
  - Indicating in the appropriate space on the First Step Response Form that he is not satisfied with the response.
  - The inmate then forwards the response form in the manila envelope to the ARP screening officer within five (5) days of receipt of the First Step Response.
  - The ARP screening officer will forward the information to the Secretary of DPS&C for a Second Step Response.
- Second Step Response:
  - Upon completion of the Second Step Review, the Secretary will forward a copy of the Second Step Response to the inmate.
- If the inmate is not satisfied with the Second Step Response, the inmate may file suit with the District Court.

I attest that these facts are true and accurate to the best of my knowledge.

Nikki McCoy
Executive Management Officer
670 Bell Hill Rd.
Homer LA 71040

Elisha Manning
Signature of Witness #1

Elisha Manning
Printed Name of Witness #1

Betty Harris
Signature of Witness #2

Betty Harris
Printed Name of Witness #2

SWORN TO and subscribed before me this 3rd day of August, 2026, at Homer, Louisiana.

Signature of Notary

Notary Number 51895

## ADMINISTRATIVE REMEDY PROCEDURE

## PURPOSE

On September 18, 1985, the Department of Public Safety and Corrections installed in all of its adult institutions a formal grievance mechanism for use by all offenders committed to the custody of the Department. The process bears the name Administrative Remedy Procedure (ARP). Offenders are required to use and complete all steps in the procedure properly, including obeying all rules of the procedural process, before they can proceed with a suit in Federal and State Courts. No action shall be brought in a federal or state court with respect to prison conditions by any offender confined in any jail or correctional facility until all available administrative remedies are properly exhausted.

Corrections Services has established the Administrative Remedy Procedure through which an offender may seek formal review of a complaint which relates to any aspect of his incarceration if less formal methods have not resolved the matter. Such complaints and grievances include, but are not limited to, any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration, includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies or statutes, including grievances such as discrimination based on disability, offender requests for accommodations under the Americans with Disabilities Act (Department Regulation No. HCP37), and for complaints of sexual abuse under the Prison Rape Elimination Act (Department Regulation No. OP-A-15).

Through this procedure, offenders shall receive reasonable responses and, where appropriate, meaningful remedies.

## TABLE OF CONTENTS

CHAPTER 1 - DEFINITIONS.................................................................. 3

CHAPTER 2 - GENERAL POLICY ............................................................4

CHAPTER 3 - INITIATING A FORMAL GRIEVANCE ....................................8

CHAPTER 4 - EMERGENCY OR SENSITIVE ISSUES ................................. 10

CHAPTER 5 - GRIEVANCE SCREENING .................................................11

CHAPTER 6 - GRIEVANCE PROCESSING ...............................................14

CHAPTER 7 - MONETARY DAMAGES .................................................... 16

CHAPTER 8 - LOST PROPERTY CLAIMS ............................................... 17

CHAPTER 9 - DPS&C OFFENDERS HOUSED IN NON-DPS&C FACILITIES….. 19

This document rescinds and supersedes the "Administrative Remedy Procedure" dated08 February 2019.

## CHAPTER 1

## DEFINITIONS

As used in this procedure, the following definitions shall apply:

**ARP SCREENING OFFICER:** A staff member, designated by the Warden, whose responsibility is to coordinate and facilitate the Administrative Remedy Procedure process.

**GRIEVANCE[OR REQUEST FOR ADMINISTRATIVE REMEDY]:** A written complaint by an offender on the offender's own behalf regarding anything relating to prison conditions, including but not limited to a policy applicable within an institution, a condition within an institution, an action involving an offender of an institution, an incident occurring within an institution, or discrimination based on disability.

**EMERGENCY GRIEVANCE [OR REQUEST FOR EMERGENCY ADMINISTRATIVE REMEDY]:**A matter in which disposition within the regular time limits would subject the offender to a substantial risk of personal injury or cause other serious and irreparable harm to the offender.

**EXHAUSTION:** Proper exhaustion only occurs when an offender files a timely and procedurally proper request for remedy, which after it is accepted, is addressed on the merits at both the first and second Step. A request for administrative remedy that is rejected is not considered properly exhausted, as such request has not been addressed on its merits at either of the two steps.

**DAYS:** Calendar days.

NOTE: The pronouns "he" and "his" as used herein are for convenience only and are not intended to discriminate against female employees or offenders.

## CHAPTER 2

## GENERAL POLICY

Offenders may request administrative remedies to situations arising from policies, conditions or events within the institution that affect them personally, including discrimination based on disability.

All offenders, regardless of their classification, impairment or disability, shall be entitled to invoke this grievance procedure. It shall be the responsibility of the Warden to provide appropriate assistance for offenders with literacy deficiencies or language barriers (including hearing and visual impairments).

There are procedures already in place within all DPS&C institutions which are specifically and expressly incorporated into and made a part of this Administrative Remedy Procedure. These procedures shall constitute the administrative remedies for disciplinary matters and lost property claims.

### 1. General Procedures

A. Notification of Procedures

1) Offenders must be made aware of the system by oral explanation at orientation and should have the opportunity to ask questions and receive oral answers.

2) The procedures shall be posted in writing in areas readily accessible to all offenders.

3) All offenders may request information about or assistance in using the procedure from their classification officer or from a counsel substitute who services their living area.

B. Nothing in this procedure should serve to prevent or discourage an offender from communicating with the Warden or anyone else in the Department. All forms of communication to the Warden will be handled, investigated and responded to as the Warden deems appropriate.

C. The requirements set forth in this document for acceptance into the Administrative Remedy Procedure are solely to assure that incidents which may give rise to a cause of action will be handled through this two-step system of review.

D. The following matters shall not be appealable through this Administrative Remedy Procedure:

1) Court decisions and pending criminal matters over which the Department has no control or jurisdiction;

2) Board of Pardons and Parole decisions (under Louisiana law, these decisions are discretionary and may not be challenged);

3) Sex Offender Assessment Panel recommendations;

4) Lockdown Review Board decisions (offenders are furnished written reasons at the time this decision is made as to why they are not being released from lockdown, if that is the case. The Board's decision may not be challenged. However, a request for administrative remedy on Lockdown Review Board hearings can be made in the following instances):

   i. That no reasons were given for the decision of the Board;

   ii. That a hearing was not held within 90 days from the offender's original placement in lockdown or from the last hearing. There will be a 20 day grace period attached hereto, due to administrative scheduling problems of the Board; therefore, a claim based on this ground will not be valid until 110 days have passed and no hearing has been held.

5) Warden's decision regarding restoration of good time pursuant to Department Regulation No. OP-D-2 "Restoration of Good Time."

E. A request for accommodation under the Americans with Disabilities Act (Department Regulation No. HCP37) made using the Administrative Remedy Procedure process and the resolution of the offender's request shall be deemed to be exhaustion of the administrative procedure. The initiation of the process and deadlines and time limits stated in the Administrative Remedy Procedure remain applicable.

F. If an offender registers a complaint against a staff member, that employee shall not be involved in the decision making process on the request for remedy. However, this shall not prevent the employee from participating at the Step One level, since this employee may be the best source from which to begin collecting information on an alleged incident.

G. At each stage of decision and review, offenders will be provided written answers that explain the information gathered or the reason for the decision reached along with simple directions for obtaining further review.

H. Prior to filing a grievance in Federal or State Court, unless specifically

excepted by law, the offender must properly exhaust all available administrative remedies. Only after the request for administrative remedy is accepted can proper exhaustion occur. Exhaustion can only occur when a Second Step Response on the merits has been issued.

I. If an offender submits multiple requests during the review of a previous request, they will be logged and set aside for handling at such time as the request currently in the system has been exhausted at the Second Step or until time limits to proceed from the First Step to the Second Step have lapsed. The Warden may determine whether a letter of instruction to the offender is in order.

J. In cases where a number of offenders have filed similar or identical requests seeking administrative remedy, it is appropriate to respond only to the offender who filed the initial request. Copies of the decision sent to other offenders who filed requests simultaneously regarding the same issue will constitute a completed action. All such requests shall be logged separately.

K. When an offender has filed a request at one institution and is transferred prior to the review, or if he files a request after transfer on an action taken by the sending institution, the sending institution shall complete the processing through the First Step Response (Form OP-C-13-ARP-2). The Warden of the receiving institution shall assist in communication with the offender.

L. If an offender is discharged before the review of an issue is completed that affects the offender after discharge, or if he files a request after discharge on an issue that affects him after discharge, the institution shall complete the processing and shall notify the offender at his last known address. All other requests shall be considered moot when the offender discharges and the process shall not be completed.

M. No action shall be taken against anyone for the good faith use of or good faith participation in the procedure.

   1) Reprisals of any nature are prohibited. Offenders are entitled to pursue, through the grievance procedure, a complaint that a reprisal occurred.

   2) The prohibition against reprisals should not be construed to prohibit discipline of offenders who do not use the system in good faith. Those who file requests that are frivolous or deliberately malicious may be disciplined under the appropriate rule violation described in the DPS&C "Disciplinary Rules and Procedures for Adult Offenders."

2. **Maintenance of Records**

A. Administrative Remedy Procedure records are confidential. Employees who are participating in the disposition of a request may have access to records essential to the resolution of requests. Otherwise, release of these records is governed by La. R.S. 15:574.12.

B. All reports, investigations, etc., other than the offender's original letter and responses, are prepared in anticipation of litigation and to become part of the attorney's work product for the attorney handling any anticipated future litigation of this matter; therefore these documents are confidential and not subject to discovery or the Public Records Act outlined in La. R.S. 44:1, et seq.

C. Records shall be maintained as follows:

1) An electronic log shall document the nature of each request, all relevant dates and disposition at each step.

i. Each institution shall submit reports on Administrative Remedy Procedure activity in accordance with Department Regulation No. AM-I-4 "Activity Reports/Unusual Occurrence Reports-Operational Units."

ii. Cross references and notations shall be made on other appropriate databases such as ADA and PREA as may be warranted.

2) Individual requests and disposition, and all responses and pertinent documents shall be kept on file at the institution or at Headquarters.

3) Records shall be kept four years following final disposition of the request in accordance with the Department's records retention schedule pursuant to Department Regulation No. AM-D-1 "Records Management Program."

3. **Annual Review**

The Warden shall annually solicit comments and suggestions on the processing, the efficiency and the credibility of the Administrative Remedy Procedure from offenders and staff. A report with the results of such review shall be provided to the Chief of Operations/Office of Adult Services no later than January 31st of each year.

## CHAPTER 3

## INITIATING A FORMAL GRIEVANCE

Offenders are encouraged to resolve their problems within the institution informally before initiating the formal process. Informal resolution is accomplished through communication with appropriate staff members. If an offender is unable to resolve his problems or obtain relief in this fashion, he may initiate the formal process. In order to ensure their right to use the formal procedure, a request to the Warden shall be made in writing within a 90 day period after an incident has occurred. This requirement may be waived when circumstances warrant. The Warden or designee shall use reasonable judgment in such matters. There is no time limit imposed for grievances alleging sexual abuse.

**1. Initiating a Formal Grievance**

A. The offender commences the process by completing a Request for Administrative Remedy (Form OP-C-13-ARP-1) or writing a letter to the Warden in which he briefly sets out the basis for his claim and the relief sought. For purposes of this process, a letter is:

1) Any form of written communication which contains the phrase: “This is a request for administrative remedy” or "ARP;" or

2) Request for Administrative Remedy (Form OP-C-13-ARP-1) at those institutions that wish to furnish forms for commencement of this process.

B. The institution is not required to be responsible for furnishing the offender with copies of his letter of complaint. It is the offender's responsibility for obtaining or duplicating a copy of his letter of complaint through established institutional procedures and for retaining the copy for his own records. The form or original letter will become a part of the administrative record and will not be returned to the offender.

C. Original letters or requests to the Warden should be as brief as possible. Offenders should present as many facts as possible to answer all questions (who, what, when, where and how) concerning the incident. If a request is unclear or the volume of attached material is too great, it may be rejected and returned to the offender with a request for clarity or summarization on one additional page. The response deadline for are quest for clarity or summarization begins on the date the resubmission is received by the ARP screening officer.

D. No request for administrative remedy shall be denied acceptance into the

Administrative Remedy Procedure because it is or is not on a form; however, no letter as set forth above shall be accepted into the process unless it contains the phrase, “This is a request for administrative remedy or ‘ARP’."

**2. Withdrawing a Formal Grievance**

After filing a formal request for administrative remedy, the offender may request in writing that the Warden or Secretary cancel the administrative remedy request at any time and for any reason. A withdrawn request cannot constitute a properly exhausted administrative remedy.

## CHAPTER 4

## EMERGENCY OR SENSITIVE ISSUES

In instances where the offender's request is of an emergency or sensitive issue as defined below, the following procedures will apply.

1. If an offender feels he is subjected to emergency conditions, he must send an emergency request to the shift supervisor. The shift supervisor shall immediately review the request to determine the appropriate corrective action to be taken. All emergency requests shall be documented on an Unusual Occurrence Report (Form AM-I-4-W-1) by the appropriate staff member.

   Abuse of the emergency review process by an offender shall be treated as a frivolous or malicious request and the offender shall be disciplined accordingly. Particularly, but not exclusively, matters relating to administrative transfers and time computation disputes are not to be treated as emergencies for purposes of this procedure, but shall be expeditiously handled by the shift supervisor, when appropriate.

2. If the offender believes the complaint is sensitive and that he would be adversely affected if the complaint became known at the institution, he may file the complaint directly with the Secretary through the Chief of Operations/Office of Adult Services(Second Step Response-Form OP-C-13-ARP-3). The offender must explain, in writing, his reason for not filing the complaint at the institution.

   If the Chief of Operations/Office of Adult Services agrees that the complaint is sensitive, he shall accept and respond to the complaint at the Second Step. If he does not agree that the complaint is sensitive, he shall so advise the offender in writing, and return the complaint to the Warden's office. The offender shall then have five days from the date the rejection memo is received in the Warden's office to submit his request through regular channels (beginning with the First Step if his complaint is acceptable for processing in the Administrative Remedy Procedure).

2. If an emergency complaint alleges that the offender is subject to a substantial risk of imminent sexual abuse, the grievance shall be sent immediately to the unit's PREA Compliance Manager who shall then immediately notify the unit's PREA Investigator. The unit PREA Compliance Manager shall provide an initial response with 48 hours of receipt of the grievance outlining any corrective actions warranted and shall issue a First Step Response within five days. The initial response and final determination of whether the inmate is in substantial risk of imminent sexual abuse and the action taken in response to the emergency grievance shall be documented.

## CHAPTER 5

## GRIEVANCE SCREENING

The ARP Screening Officer shall screen all requests prior to assignment to the First Step. The screening process should not unreasonably restrain the offender's opportunity to seek a remedy.

1. The ARP Screening Officer shall provide notice to the offender that his request is either:

   A. Being accepted and will be processed, or

   B. Being rejected and will not be processed until the noted deficiency is corrected.

2. Accepted Requests

   A. If the request is accepted, the Warden, or designee, will assign a staff member to conduct further fact-finding and/or information gathering prior to rendering his response.

   B. Once an offender's request is accepted into the procedure, he must use the manila envelope that is furnished to him with the First Step Response (Form OP-C-13-ARP-2) to continue in the procedure. The flaps on the envelope may be tucked into the envelope for mailing to the facility's ARP Screening Officer.

2. Rejected Requests

   A. If a request is rejected, it must be for one of the following reasons:

      1) This matter is not appealable through this process, such as:

         i. Court decisions;

         ii. Board of Pardons and Committee on Parole decisions;

         iii. Sex Offender Assessment Panel recommendations;

         iv. Lockdown Review Board (refer to Chapter 2 "General Policy").

      2) There are specialized administrative remedy procedures in place for this specific type of complaint, such as:
         i. Disciplinary matters;

ii. Lost property claims.

3) It is a duplicate request.

4) The complaint concerns an action not yet taken or a decision which has not yet been made.

5) The offender has requested a remedy for another offender (unless the request is a third party report of an allegation of sexual abuse).

6) The request was not written by the offender and a waiver was not approved. The only exception is if the offender has alleged sexual abuse. In this instance, the offender:

i. May seek help from a third party to file the initial grievance;

ii. Must attach written authorization for the named third party to submit the grievance on the offender's behalf; and

iii. Must personally pursue any remaining subsequent steps in the process, including participation in any resulting investigation.

7) The offender has requested a remedy for more than one incident (a multiple complaint) unless the request is a report of an allegation of sexual abuse.

8) Established rules and procedures were not followed.

9) There has been a time lapse of more than 90 days between the event and the initial request, unless waived by the Warden. Some exceptions may apply such as time computation issues, ADA issues, PREA issues, and on-going medical issues.

10) The offender does not request some type of remedy unless the request pertains to an allegation of sexual abuse, in which case stopping the abuse is the implied request for remedy.

11) The offender's request is unclear or the volume of attached material is too great.

12) The offender requests a religious exemption via this Administrative Remedy Procedure prior to exhausting the religious exemption process outlined in Department Regulation No. PS-E-1 "Faith-Based

Programs and Services".

B. The offender shall be provided written notification of the grounds upon which the rejection is based.

C. A rejected request is not appealable to the Second Step. If a request is rejected for any of the reasons listed above, the offender must correct the noted deficiencies and resubmit the request to the ARP screening officer.

D. The offender has not properly exhausted administrative remedies if his request is rejected for any of the reasons listed above.

## CHAPTER 6

## GRIEVANCE PROCESSING

The following process and time limits shall be adhered to in processing any ARP request.

1. **FIRST STEP (Time Limit 40 days/Five days for PREA)**

   A. If an offender refuses to cooperate with the inquiry into his allegation, the request may be denied by noting the lack of cooperation on the appropriate Step Response and returning it to the offender.

   B. The Warden shall respond to the offender within 40 days/five days for PREA from the date the request is received at the First Step utilizing the First Step Response (Form OP-C-13-ARP-2).

   C. If the offender is not satisfied with the decision rendered at the First Step, he should pursue his grievance to the Secretary, through the Chief of Operations/Office of Adult Services via the Second Step.

   D. For offenders wishing to continue to the Second Step, sufficient space will be allowed on the response to give a reason for requesting review at the next level. It is not necessary to rewrite the original letter of request as it will be available to all reviewers at each Step of the process.

2. **SECOND STEP (Time limit 45 days)**

   A. An offender who is dissatisfied with the First Step Response (Form OP-C-13-ARP-2) may appeal to the Secretary of the Department of Public Safety and Corrections by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP Screening Officer within five days of receipt of the decision.

   B. A final decision will be made by the Secretary or designee and the offender shall be sent a response within 45 days from the date the request is received at the Second Step utilizing the Second Step Response (Form OP-C-13-ARP-3).

   C. A copy of the Secretary's decision shall be sent to the Warden.

   D. If an offender is not satisfied with the Second Step Response (Form OP-C-13-ARP-3), he may file suit in District Court. The offender must furnish the administrative remedy procedure number on the court documents.

3. **DEADLINES AND TIME LIMITS:** No more than 90 days from the initiation to

completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next Step in the process.

A. An offender may request an extension in writing of up to five days in which to file at any stage of the process.

1) This request shall be made to the ARP Screening Officer for an extension to initiate a request; to the Warden for the First Step Response (Form OP-C-13-ARP-2) and to the Secretary through the Chief of Operations/Office of Adult Services for the Second Step Response (Form OP-C-13-ARP-3).

2) The offender must certify valid reasons for the delay, which must accompany his untimely request. The issue of sufficiency of valid reasons for delay shall be addressed at each Step, along with the substantive issue of the complaint.

B. The Warden may request permission for an extension of time not more than five days from the Chief of Operations/Office of Adult Services for the Step One review/response.

1) The offender must be notified in writing of such an extension.

2) Cumulative extensions of time shall not exceed 25 days unless the grievance concerns sexual abuse, in which case an extension of time up to 70 days may be made.

3) If the extension is approved, written communication shall be sent to the offender of the extension and a date by which the decision shall be rendered. Reasons for the extension of time for unusual circumstances shall be maintained in the administrative record.

## CHAPTER 7

## MONETARY DAMAGES

Based upon credible facts within a grievance or complaint filed by an offender, the Department of Public Safety and Corrections may determine that such an offender is entitled to monetary damages where such damages are deemed by the Department as appropriate to render a fair and just remedy.

1. Upon a determination that monetary damages should be awarded, the only remaining question is quantum or the dollar amount of the monetary damages to be awarded.

2. The determination of quantum shall be made after a formal review by the Case Contractor for the Office of Risk Management within the Division of Administration. The determination reached by the Case Contractor shall be submitted to the Office of Risk Management and the Department of Public Safety and Corrections for a final decision.

3. If a settlement is reached, a copy of the signed release shall be given to the Warden on that same date.

## CHAPTER 8

## LOST PROPERTY CLAIMS

The purpose of this section is to establish a uniform procedure for handling "Lost Property Claims" filed by offenders in the custody of the Department of Public Safety and Corrections. Each Warden is responsible for ensuring that appropriate unit written policy and procedures are in place to comply with the provisions of this procedure and for advising offenders and affected employees of its contents.

1. When an offender suffers a loss of personal property, he may submit a Lost Personal Property Claim (Form OP-C-13-a) to the Warden or designee. The claim shall include the date the loss occurred, a full statement of the circumstances which resulted in the loss of property, a list of the items which are missing, the value of each lost item and any proof of ownership or value of the property available to the offender. All claims for lost personal property must be submitted to the Warden or designee within ten days of discovery of the loss.

   Under no circumstances will an offender be compensated for an unsubstantiated loss, or for a loss which results from the offender's own acts or for any loss resulting from bartering, trading, selling to or gambling with other offenders.

2. The Warden or designee shall assign an employee to investigate the claim. The investigative officer shall investigate the claim fully and will submit his report and recommendations to the Warden or designee.

3. If a loss of an offender's personal property occurs through the negligence of the institution and/or its employees, the offender's claim may be processed in accordance with the following procedures:

   A. Monetary

      1) The Warden or designee shall recommend a reasonable value for the lost personal property as described on the Lost Personal Property Claim (Form OP-C-13-a). The state assumes no liability for any lost personal clothing. Liability shall be pursuant to Department Regulation No. C-03-007 "Offender Personal Property List, State Issued Items, Procedures for the Reception, Transfer and Disposal of Offender Personal Belongings";

      2) A Lost Personal Property Claim Response (Form OP-C-13-b) and Agreement (Form OP-C-13-c) shall be completed and submitted to the offender for his signature; and

      3) The claim shall be submitted to the Chief of Operations/Office of

Adult Services for review and final approval.

B. Non-monetary

1) The offender is entitled only to state issue where state issued items are available;

2) The Warden or designee shall review the claim and determine whether or not the institution is responsible;

3) A Lost Personal Property Claim Response (Form OP-C-13-b) shall be completed and submitted to the offender for his signature;

4) An Agreement (Form OP-C-13-c)shall be completed and submitted to the offender for his signature when state issue replacement has been offered.

4. If the Warden or designee determines that the institution and/or its employees are not responsible for the offender's loss of property, the claim shall be denied, and a Lost Personal Property Claim Response (Form OP-C-13-b) shall be submitted to the offender indicating the reason. If the offender is not satisfied with the resolution at the unit level, he may indicate by checking the appropriate box on the Lost Personal Property Claim Response (Form OP-C-13-b) and submitting it to the ARP Screening Officer within five days of receipt. The Screening Officer shall provide the offender with an acknowledgment of receipt and date forwarded to the Chief of Operations/Office of Adult Services. A copy of the offender's original Lost Personal Property Claim (Form OP-C-13-a) and Lost Personal Property Claim Response (Form OP-C-13-b) and other relevant documentation shall be attached.

## CHAPTER 9

## DPS&C OFFENDERS HOUSED IN NON-DPS&C FACILITIES

Pursuant to Basic Jail Guideline VI-B-002 “Grievance Process,” offenders shall have reasonable access to a grievance remedy procedure that includes at least two levels of review if necessary. (See Department Regulation No. JO-1 “Basic Jail Guidelines” for more information.)

1. A DPS&C offender housed in a non-DPS&C facility with a complaint that relates to time computation, requests for transfer, or transitional work program requests should submit his grievance request directly to DPS&C Headquarters Internal Affairs. A representative from Headquarters Internal affairs shall respond to the offender within 90 days. If the offender is not satisfied with the response, he may file suit with the 19th Judicial District Court.

2. A DPS&C offender housed in a non-DPS&C facility with a complaint that relates to conditions of confinement, personal injuries, medical complaints, the classification process, challenges to rules, regulations, or policies, or any other complaint not outlined above in Section 1. should submit his grievance request to the jail administrator of the facility in which he is housed. If the offender is not satisfied with the response, he may file suit with the District Court of the parish in which the facility is located.